UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUSTIN CORMIER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TURNKEY CLEANING SERVICES, LLC<br><br>    Defendant. | Docket No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1.    Justin Cormier ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Turnkey Cleaning Services, LLC ("Defendant").

2.    Plaintiff and his coworkers were employed by Defendant as Cleaning Technicians, performing technical and manual labor job duties surrounding the revitalization of drilling rigs, tanks, liquid mud barges, offshore supply vessels, vacuum trucks, and other industrial equipment.

3.    Defendant scheduled Plaintiff and the other Cleaning Technicians to work 12 hour shifts, for at least 7 days a week. As a result, Cleaning Technicians often worked 84 hour weeks.

4.    Defendant paid all Cleaning Technicians a day rate, regardless of the number of hours worked. Thus, Plaintiff and his coworkers never received overtime pay for work

performed in excess of 40 hours in a week.

5. This collective action alleges that Defendant misclassified Plaintiff and all Cleaning Technicians as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II. Jurisdiction and Venue

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff and other Cleaning Technicians perform work related tasks for Defendant in this district and division.

9. Defendant has availed itself to the jurisdiction and venue of this Court. Defendant maintains offices and business operations in this district and division at 200 Beaullieu Drive, Lafayette, Louisiana 70508.

## III. The Parties

1. Justin Cormier worked for Defendant as a Cleaning Technician. Plaintiff is a resident of Roanoke, Louisiana and worked for Defendant at its Port Fourchon office in Golden Meadow, Louisiana. Defendant employed Plaintiff between 2013 and 2014 on a day rate system. Plaintiff never received overtime pay from Defendant. Plaintiff's consent to be a party plaintiff has been filed with the Court, attached hereto as Exhibit A.

2. The class of similarly situated employees ("Cleaning Technicians") consists of:

> **ALL PERSONNEL EMPLOYED BY TURNKEY CLEANING SERVICES, LLC IN THE PAST 3 YEARS WHO WERE PAID A DAY RATE WITH NO OVERTIME COMPENSATION**

3.      **Turnkey Cleaning Services, LLC** maintains a corporate office and HR office in Lafayette, Louisiana. It may be served with process through its registered agent: **Dale P. Martin, Jr. at 200 Beaullieu Dr., Building 8, Lafayette, Louisiana 70508**.

### IV. COVERAGE UNDER THE FLSA

4.      At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.      At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6.      At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

7.      At all times hereinafter mentioned, Plaintiff and the Cleaning Technicians were engaged in commerce or in the production of goods for commerce.

### FACTS

8.      Turnkey Cleaning Solutions, LLC ("Turnkey") is an industrial cleaning company specializing in restoration of rigs, production facilities, liquid mud barges, jackup rigs, supply vessels, and other industrial equipment. See www.turnkeycleaningservices.com.

9. Turnkey largely focuses on providing these services to its clients through the employment of Cleaning Technicians.

10. Plaintiff was employed by Turnkey as a Cleaning Technician from approximately 2013 to 2014.

11. Plaintiff, like all other Cleaning Technicians, performed a wide range of technical and manual labor duties aimed at restoring oil and gas related equipment.

12. Specifically, Plaintiff donned and doffed PPE; connected and disconnect hoses; operated pressure pumps and vacuums; utilized mops, brooms, pans, and rags, and generally maintained the equipment used to perform these duties.

13. As a Cleaning Technician, Plaintiff would use his hands and physical strength to clean even the most difficult to reach places on various types of machinery. Regularly, Plaintiff would work inside mud tanks to remove the oil and other chemicals stored therein.

14. With constant exposure to dangerous chemicals and agents, Plaintiff truly performed a dirty job.

15. Defendant required Plaintiff, like all other Cleaning Technicians, to work 12 or more hour shifts for 7 days a week. In a week, Plaintiff regularly worked 84 or more hours performing the exhausting physical duties the job demanded.

16. Plaintiff did not engage in supervisory duties and was not responsible for hiring, disciplining, firing, or in any way overseeing other employees. Further, Plaintiff could not vary his job duties from the strict requirements set out by Defendant.

17. Defendant paid Plaintiff a day rate, regardless of the number of hours worked.

18. Plaintiff did not receive any compensation for the overtime worked and required by Defendant.

19.     While each Cleaning Technicians' duties and compensation may vary slightly, their core job responsibilities remain the same. Any differences are not material and do not detract from the common nucleus of facts as described herein.

20.     As the controlling law makes clear, Plaintiff and Defendant's Cleaning Technicians are non-exempt employees and entitled to overtime for all hours worked in excess of 40 in a single workweek.

### FLSA Violations

21.     As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Cleaning Technicians overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

22.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Cleaning Technicians overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

23.     Accordingly, Plaintiff and the Cleaning Technicians are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### Collective Action Allegations

24.     As described above, Plaintiff and all Cleaning Technicians have been victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

25. Many Cleaning Technicians worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

26. Thus, Defendant imposed a uniform practice or policy on Plaintiff and all Cleaning Technicians regardless of any individualized factors.

27. Plaintiff and all Cleaning Technicians received a day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

28. As described above, these Cleaning Technicians are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

29. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Cleaning Technicians.

30. Plaintiff's experience is typical of the experiences of all Cleaning Technicians.

### JURY DEMAND

31. Plaintiff demands a trial by jury.

### RELIEF SOUGHT

32. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

   b. For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all Cleaning Technicians covered by this case;

c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Cleaning Technicians covered by this case;

d. For a Judgment awarding Plaintiff and all Cleaning Technicians covered by this case their costs of this action;

e. For a Judgment awarding Plaintiff and all Cleaning Technicians covered by this case their attorneys' fees;

f. For a Judgment awarding Plaintiff and all Cleaning Technicians covered by this case pre- and post-judgment interest at the highest rates allowed by law;

g. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Kenneth W. DeJean*
Kenneth W. DeJean  (No. 4817)
417 W. University Ave. (70506)
Post Office Box 4325
Lafayette, LA 70502
Telephone:(337) 235-5294
Facsimile: (337) 235-1095
kwdejean@kwdejean.com

AND

**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
Michael A. Josephson
State Bar No. 24014780
Andrew Dunlap
State Bar No. 24078444
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
Jessica M. Bresler
State Bar No. 24090008
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

AND

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**