UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUSTIN CORMIER, individually and on behalf of all others similarly situated, § § § | |
| § | DOCKET NO. 6:15-cv-02076-RTH-PJH |
| Plaintiff, § | |
| § | JURY TRIAL DEMANDED |
| v. § | |
| § | COLLECTIVE ACTION |
| § | PURSUANT TO 29 U.S.C. § 216(b) |
| TURNKEY CLEANING SERVICES, LLC; TURNKEY CLEANING SERVICES GOM, LLC; EXPRESS TURNKEY, LLC; FRANCIS GOM, LLC; DME TURNKEY, LLC; MAX & HANK, LLC; DALE MARTIN ENTERPRISES, INC.; AND DALE P. MARTIN, JR. § § § § § § § § § § § | |
| Defendants. § | |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Justin Cormier ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Turnkey Cleaning Services, LLC; Turnkey Cleaning Services GOM, LLC; Express Turnkey, LLC; Francis GOM, LLC; DME Turnkey, LLC; Max & Hank, LLC; Dale Martin Enterprises, Inc.; and Dale P. Martin, Jr. ("Defendants").

2. Plaintiff and his coworkers were employed by Defendants as day rate employees, performing technical and manual labor job duties surrounding the revitalization of drilling rigs,

tanks, liquid mud barges, offshore supply vessels, vacuum trucks, and other industrial equipment.

3. Defendants scheduled Plaintiff and the other day rate employees to work 12 hour shifts, for at least 7 days a week. As a result, Plaintiff and the other day rate employees often worked 84 hour weeks.

4. Defendants maintained a day rate pay policy, regardless of the number of hours worked. Thus, Plaintiff and his coworkers never received overtime pay for work performed in excess of 40 hours in a week.

5. This collective action alleges that Defendants misclassified Plaintiff and all day rate employees as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff and other day rate employees perform work related tasks for Defendants in this district and division.

9. Defendants have availed themselves to the jurisdiction and venue of this Court.

### THE PARTIES

10. Justin Cormier worked for Defendants as a Cleaning Technician. Plaintiff is a resident of Roanoke, Louisiana and worked for Defendants at its Port Fourchon office in Golden Meadow, Louisiana. Defendants employed Plaintiff between 2013 and 2014 on a day rate system. Plaintiff never received overtime pay from Defendant. Plaintiff's consent to be a party

plaintiff has been filed with the Court.

11. The class of similarly situated employees ("Putative Class Members") consists of:

**ALL PERSONNEL EMPLOYED BY DEFENDANTS IN THE PAST 3 YEARS WHO WERE PAID A DAY RATE WITH NO OVERTIME COMPENSATION**

12. **Turnkey Cleaning Services, LLC** maintains a corporate office and HR office in Lafayette, Louisiana. It has been served and appeared in this lawsuit.

13. **Turnkey Cleaning Services GOM, LLC** may be served with process through its registered agent: **Dale P. Martin, Jr. at 4023 Ambassador Caffery Pkwy, Lafayette, Louisiana 70503**.

14. **Express Turnkey, LLC** may be served with process through its registered agent: **Jacob Pitre at 18692 West Main Street, Galliano, Louisiana 70354.**

15. **Francis GOM, LLC** may be served with process through its registered agent: **Frank S. Slavich, III at 1201 Camellia Blvd., Ste. 300, Lafayette, Louisiana 70508.**

16. **DME Turnkey, LLC** may be served with process through its registered agent: **Dale P. Martin, Jr. at 200 Beaullieu Drive, Bldg. 8, Lafayette, Louisiana 70508.**

17. **Max & Hank, LLC** may be served with process through its registered agent: **Charles A. Kilgore at 200 Beaullieu Drive, Bldg. 8, Lafayette, Louisiana 70503.**

18. **Dale Martin Enterprises, Inc.,** may be served with process through its registered agent: **Dale P. Martin, Jr. at 200 Beaullieu Drive, Bldg. 8, Lafayette, Louisiana 70508.**

19. **Dale P. Martin, Jr.** may be served with process at **200 Beaullieu Drive, Bldg. 8, Lafayette, Louisiana 70508 or anywhere he may be found**.

20. Together, Defendants are joint employers under the FLSA. *See* 29 U.S.C. § 203(d-e) and 29 C.F.R. 791.2(a).

## COVERAGE UNDER THE FLSA

21. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

25. Defendants operate together as an industrial cleaning company specializing in restoration of rigs, production facilities, liquid mud barges, jackup rigs, supply vessels, and other industrial equipment. *See* www.turnkeycleaningservices.com.

26. Defendants largely focus on providing these services to their clients through the employment of Cleaning Technicians, Supervisors, Superintendents, Vacuum Truck Operators, Crane Operators, Solids Control Operators, Mud Engineers, and other employees.

27. Plaintiff was employed by Defendants as a Cleaning Technician from approximately 2013 to 2014.

28. Plaintiff, like all other Putative Class Members, performed a wide range of technical and manual labor duties aimed at restoring oil and gas related equipment.

29. Specifically, Plaintiff donned and doffed PPE; connected and disconnect hoses; operated pressure pumps and vacuums; utilized mops, brooms, pans, and rags, and generally maintained the equipment used to perform these duties.

30. As a Cleaning Technician, Plaintiff would use his hands and physical strength to clean even the most difficult to reach places on various types of machinery. Regularly, Plaintiff would work inside mud tanks to remove the oil and other chemicals stored therein.

31. With constant exposure to dangerous chemicals and agents, Plaintiff truly performed a dirty job.

32. Defendants required Plaintiff, like all other Putative Class Members, to work 12 or more hour shifts for 7 days a week. In a week, Plaintiff regularly worked 84 or more hours performing the exhausting physical duties the job demanded.

33. Plaintiff did not engage in supervisory duties and was not responsible for hiring, disciplining, firing, or in any way overseeing other employees. Further, Plaintiff could not vary his job duties from the strict requirements set out by Defendant.

34. Defendants paid Plaintiff a day rate, regardless of the number of hours worked.

35. Plaintiff did not receive any compensation for the overtime worked and required by Defendants.

36. While each Putative Class Members duties and compensation may vary slightly, their core job responsibilities remain the same. Any differences are not material and do not detract from the common nucleus of facts as described herein.

37. As the controlling law makes clear, Plaintiff and the Putative Class Members are non-exempt employees and entitled to overtime for all hours worked in excess of 40 in a single workweek.

### FLSA VIOLATIONS

38. As set forth herein, Defendants violated the FLSA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

39. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

40. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### COLLECTIVE ACTION ALLEGATIONS

41. As described above, Plaintiff and all Putative Class Members have been victimized by Defendants' pattern, practice, and/or policy, which is in willful violation of the FLSA.

42. Many Putative Class Members worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

43. Thus, Defendants imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

44. Plaintiff and all Putative Class Members received a day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

45. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

46. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

47. Plaintiff's experience is typical of the experiences of all Putative Class Members.

### JURY DEMAND

48. Plaintiff demands a trial by jury.

### RELIEF SOUGHT

49. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

   b. For an Order finding Defendants liable for violations of federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

d. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

e. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

f. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law;

g. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Kenneth W. DeJean*
    Kenneth W. DeJean (No. 4817)
    417 W. University Ave. (70506)
    Post Office Box 4325
    Lafayette, LA 70502
    Telephone:(337) 235-5294
    Facsimile: (337) 235-1095
    kwdejean@kwdejean.com

**AND**

**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    State Bar No. 24014780
    Andrew Dunlap
    State Bar No. 24078444
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    Jessica M. Bresler
    State Bar No. 24090008
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    adunlap@fibichlaw.com
    litkin@fibichlaw.com
    jbresler@fibichlaw.com

**AND**

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that this First Amended Collective Action Complaint has been served on all Parties pursuant to the Federal Rules of Civil Procedure.

*/s/ Michael A. Josephson*
Michael A. Josephson