**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

JUSTIN CORMIER, ET AL.                    CIVIL ACTION NO. 15-2076

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

TURNKEY CLEANING                          MAGISTRATE JUDGE HANNA
SERVICES, L.L.C., ET AL.

**MEMORANDUM ORDER**

This lawsuit was filed on July 20, 2015 by Justin Cormier ("Cormier"), individually and on behalf of all others similarly situated, against Turnkey Cleaning Services, LLC ("Turnkey"), and other Defendants asserting claims arising under the Fair Labor Standards Act ("FLSA"). Cormier is seeking damages under the FLSA for unpaid overtime wages and other damages. (Rec. Doc. 1).

On January 26, 2016, all parties filed a written consent to the exercise of this Court's jurisdiction by the Magistrate Judge, (Rec. Doc. 67). An Order of Reference was entered on January 27, 2016.  (Rec. Doc. 69). On April 4, 2016, Cormier filed a Second Amended Complaint naming Scottsdale Insurance Company ("Scottsdale") as an additional defendant. After being granted an extension of time to file responsive pleadings (Rec. Doc. 117), Scottsdale filed a Rule 12(b)(6) Motion to Dismiss. Scottsdale, the insurer, is seeking to exclude coverage under the policy arguing that the policy is express and unambiguous with regard to this action.

Thereafter, a settlement conference was set before Magistrate Judge Whitehurst. (Rec. Doc. 138). The parties were unable to reach a settlement. (Rec. Doc. 145). As a result, counsel for Scottsdale filed a joint status report requesting Magistrate Judge Hanna set deadlines for the filing of the Opposition to Scottsdale's Motion to Dismiss and for the filing of a Reply, which was granted. (Rec. Docs. 144 and 146).

On September 27, 2016, counsel for Scottsdale appeared in open court before Magistrate Judge Hanna to argue Scottsdale's Rule 12(b)(6) Motion. (Rec. Doc. 155). During the hearing, Scottsdale agreed to waive the procedural arguments asserted in the Motion to Dismiss, namely, whether Cormier can maintain a direct action against Scottsdale because the FLSA preempts the Louisiana direct action statute, and whether an FLSA claim is a contract claim which falls outside the purview of the Louisiana direct action statute. Therefore, the sole issue remaining before the court for disposition was whether the Scottsdale policy excludes coverage for the FLSA wage and hour claims brought by Plaintiffs. Magistrate Judge Hanna converted Scottsdale's Rule 12(b)(6) Motion to Dismiss to a Motion for Summary Judgment pursuant to Rule 56; thus, Magistrate Judge Hanna would decide the policy exclusion issue via summary judgment practice. (Rec. Doc. 156).

On October 11, 2016, Scottsdale filed a Motion for Reconsideration seeking reinstatement of its procedural arguments on grounds that it did not intend to withdraw its procedural arguments, and to the extent that such arguments were withdrawn by counsel, counsel was without authority to do so. (Rec. Doc. 157). Furthermore, Scottsdale sought

reversal of the Court's conversion of its Motion to Dismiss to a Motion for Summary Judgment. (See id.). Alternatively, in the event the Court maintained its prior conversion of the Motion to Dismiss to a Motion for Summary Judgment, Scottsdale sought clarification of the scope of discovery permitted by the Court. (Rec. Doc. 157).

After briefing by all parties (Rec. Docs. 163, 164, and 165), Magistrate Judge Hanna denied Scottsdale's Motion for Reconsideration, specifically denying its request for clarification of the scope of discovery as premature.  (Rec. Doc. 170). After reviewing the previously filed submissions of the parties pursuant to Rule 56(d) and of Scottsdale pursuant to Rule 12(d) (Rec. Docs. 162, 160 and 161), Magistrate Judge Hanna ordered limited discovery be permitted for disposition of the Motion for Summary Judgment. (Rec. Doc. 172).

In November 2016, Scottsdale filed a "Magistrate Appeal," (Rec. Doc. 173) appealing Magistrate Judge Hanna's rulings (Rec. Docs. 170 and 172). Scottsdale argued, among other things, that it did not waive its procedural arguments and, more importantly, that Magistrate Judge Hanna did not have authority to issue a ruling on the motion to dismiss because Scottsdale did not "expressly consent" to his hearing dispositive motions. (Rec. Doc. 173). To avoid the necessity of deciding the express consent issue and in order to avoid further delays in the handling of this case, Magistrate Judge Hanna's **Orders (Rec. Docs. 156, 170, and 172)** are hereby **CONVERTED** to

Report and Recommendations to the District Judge.[1] The appeal briefs that have been filed will be deemed objections to the Report and Recommendations, and the undersigned will conduct a *de novo* review of the recommendations. The parties need not take any additional action, as they have fully briefed the appeal/objections. Additionally, from this point forward, the undersigned considers consent (Rec. Doc. 69) vacated and all dispositive motions will be decided by the undersigned or by Report and Recommendation of the Magistrate Judge.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of September, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1]Based on this conversion, the Magistrate Appeal (Rec. Doc. 173) is hereby **DENIED WITHOUT PREJUDICE** and the Court will decide the issues presented in the appeal via Report and Recommendation.