UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUSTIN CORMIER, Individually and On Behalf of Others Similarly Situated, <br><br> v. <br><br> TURNKEY CLEANING SERVICES, LLC; TURNKEY CLEANING SERVICES GOM, LLC; DALE P. MARTIN, JR..; and SCOTTSDALE INSURANCE CO. | Case No. 6:15-cv-02076-PJH <br><br> Collective Action 29 U.S.C. § 216(b) <br><br> Chief Judge S. Maurice Hicks, Jr. <br><br> Magistrate Judge Patrick J. Hanna |

**JOINT MOTION AND INCORPORATED MEMORANDUM
TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT**

**A.    SUMMARY.**

Justin Cormier, on behalf of himself and others similarly situated, (collectively "Plaintiffs") and Turnkey Cleaning Services, LLC, Turnkey Cleaning Services GOM, LLC, Dale P. Martin, Jr.., and Scottsdale Insurance Co. (collectively "Defendants") have reached a settlement with respect to this Fair Labor Standards Act (FLSA) case. This settlement follows more than three years' worth of adversarial litigation, discovery, and negotiation. During the pendency of this case, the employer defendants (Turnkey Cleaning Services, LLC, Turnkey Cleaning Services GOM, LLC, and Dale P. Martin, Jr.) were deeply impacted by the downturn in the oil-and-gas market. More than one year ago, the Turnkey entities ceased operations altogether. While Scottsdale Insurance Co. remains a financially viable defendant, it only has liability if coverage under the applicable policy is established. Scottsdale has denied indemnity coverage under the relevant policy and strongly disputes that the policy provides indemnity coverage for Plaintiffs' claim in this case. Nonetheless, the parties have negotiated a settlement that, if approved, will provide meaningful relief to the covered workers.

On October 2, 2018, Plaintiffs and Defendants (collectively the "Parties") filed a Joint Motion for Leave of Court to File Confidential Settlement Agreement Under Seal [Rec. Doc. 210]. On October 3, 2018, this Court entered an Order granting the Parties' Joint Motion for Leave of Court to File Confidential Settlement Agreement Under Seal [Rec. Doc. 211]. Pursuant to that Order, the Parties filed their Confidential Settlement Agreement under seal for review and approval *in camera*. See Rec. Doc. 215.

The Parties jointly request that the Court approve the Confidential Settlement Agreement as a reasonable compromise in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring court or Department of Labor approval for FLSA settlements and explaining the standard for judicial review when the parties are represented by counsel)).

**B.    ARGUMENT & AUTHORITIES**

    **1.    The Parties have agreed upon formal settlement terms.**

The Parties negotiated and executed the Confidential Settlement Agreement, which has been submitted to this Court under seal. Under the Confidential Settlement Agreement, one-half of each Plaintiff's individual settlement amount will be characterized as wages and the other half as liquidated damages and interest for tax-withholding and reporting purposes. The settlement amounts have been allocated to each Plaintiff based upon their time worked. In exchange, Plaintiffs will release their wage-and-hour claims (including their FLSA and other statutory claims) and claims for insurance coverage, but nothing else, as more fully set forth in the Confidential Settlement Agreement.

    **2.    The settlement represents a reasonable compromise of this litigation.**

This Confidential Settlement Agreement provides Plaintiffs with recovery for a percentage of their alleged unpaid overtime wages, which is commensurate with the disputed nature of Plaintiffs' claims. Defendants dispute Plaintiffs' claims as to liability and amount. Further, the employer

defendants are effectively judgment proof. Turnkey Cleaning Services, LLC and Turnkey Cleaning Services GOM, LLC ceased all operations long ago. Dale Martin, Jr. has little in the way of individual, attachable assets.

The remaining defendant, Scottsdale Insurance Co., may be liable only if the policy it issued provides "coverage for the FLSA wage and hour claims brought by the Plaintiffs herein." *See* Rec. Doc. 191 at 1. As the Court is well aware, Scottsdale Insurance Co. has vigorously contested this issue throughout this litigation. Therefore, even beyond the risks on the merits of the underlying case, a loss on the issue of insurance coverage could effectively reduce the potential for recovery to zero.

All Parties are represented by experienced counsel. Class Counsel have served as lead counsel in numerous large-scale wage-and-hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Defense Counsel are also experienced in complex litigation, including large-scale wage-and-hour class and collective actions. *See, e.g., City of Walker v. Louisiana through Dep't of Transp. & Dev.*, 877 F.3d 563 (5th Cir. 2017); *In re Katrina Canal Breaches Litig.*, 696 F.3d 436 (5th Cir. 2012); *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714 (5th Cir. 2009) (en banc) [ADD OTHER CASES]. Because the Parties are represented by experienced counsel, the Court may rely upon their judgment as to the benefits of settlement in relation to the risks of litigation and trial. *See Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

The Parties and their respective counsel agree that the Confidential Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiffs given the procedural posture of the case, the litigation risks, the substantial risk of non-recovery, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extended settlement negotiations, including a five-hour settlement conference with Judge Whitehurst (who has extensive experience with FLSA cases

originating in the oilfield). When the Parties failed to resolve the case at the settlement conference, they continued adversarial litigation until an acceptable settlement could be reached. Because the settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by Plaintiffs, the Parties seek entry of the submitted Order Approving Settlement. The Confidential Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

First, the settlement is a product of extended settlement negotiations among the Parties, including an unsuccessful settlement conference with Judge Whitehurst and significant follow-up work with the mediator. The Parties continued to negotiate settlement during motion practice. There was no fraud or collusion by any participant.

In addition, as detailed further below regarding factors 2 through 5, this case was settled after more than two and a half years of work by the Parties and their counsel. Before settlement, the Parties worked together tirelessly to resolve various complex, disputed issues, such as class certification. *See* Rec. Docs. 1-208. If the case were not settled, there would be extensive work to come, including resolution of pending dispositive motions (and likely submission of additional dispositive motions), propounding and responding to discovery to and from Defendants and Plaintiffs, depositions, associated discovery disputes, and questions regarding applicability of the FLSA, good faith and willfulness, decertification, and (of course) insurance coverage. These issues are in addition to the

hours worked by Plaintiffs before settlement. The Parties have engaged in significant work and recognize and appreciate the risks in proceeding with litigation in the absence of settlement. The Parties (and Plaintiffs in particular) recognize that this settlement represents a compromise of the range and certainty of Plaintiffs' alleged damages.

Finally, as reflected by his signature on the Confidential Settlement Agreement, class representative Cormier believes the settlement is in the best interests of the Opt-in Plaintiffs.

### 3. Attorneys' fees and litigation expenses are reasonable.

The Confidential Settlement Agreement provides for Class Counsel to receive an agreed-upon amount of attorneys' fees with no additional attorneys' fees to be awarded by the Court. In reviewing the amount of attorneys' fees set forth in the Confidential Settlement Agreement, this Court may begin its analysis by looking at contingent attorneys' fee awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because they are predictable, encourage settlement, and reduce incentives for protracted litigation. *See Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) ("[D]istrict courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See, e.g.*, *In re Bayou Sorrell Class Action*, No. 6:04-cv-1101, 2006 WL 3230771 (W.D. La. Oct. 31, 2006) (Haik, C.J.) (awarding, under a percentage/*Johnson* analysis, attorney fees of 36%). In FLSA cases, such as this one,[1] the "customary contingency" in the Fifth Circuit is within the range of 35%

---

[1] Other types of actions may involve concerns not present in an FLSA matter such as this case. For example, Rule 23 class actions have unique procedural rules that do not apply to an FLSA case and notably bind nonparticipating class members, while an FLSA action requires an affirmative decision by putative class members to opt-in. Likewise, this case does not invoke the unique concerns involved in a maritime injury, where the court must be mindful of its role in protecting a ward of admiralty.

to 40%.[2] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, this Court just recently approved an FLSA contingency-fee arrangement of 40%, finding it to be fair and reasonable in light of the customary contingency-fee arrangements in this community. *See Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.) (approving attorney fees to Cormier's counsel); *see also Comeaux v. Quality Energy Servs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (James, J.) (approving attorney fees of 40% to Cormier's counsel in another court in this District).

In evaluating a contingency-fee award, the Court may look at the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and efforts required of Class Counsel (factors 1 and 7), this matter has been pending for over three years. During this time, Class Counsel have responded to and prepared a number of motions, conducted discovery, participated in motion practice, attended a settlement conference, and negotiated resolution. This work represents a significant devotion of time to reach a resolution of this case. Indeed, Class Counsel are recovering less than the value of their time spent on this matter, calculated on a lodestar basis.

---

[2] The Fifth Circuit noted that this range was the customary fee for cases "against the government," but Class Counsel do not believe this distinction to be material.

Second, the separately negotiated and agreed contingency fee in the Professional Services Agreement between Plaintiffs and Class Counsel (factors 5, 6, and 10) provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *E.g.*, *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Matthews v. Priority Energy Servs., LLC,* No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), *adopted by* No. 6:15CV448, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (approving attorneys' fees of 40% to Cormier's counsel); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.); *Comeaux v. Quality Energy Servs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. July 20, 2017) (James, J.) (same).

"Further, class counsel's skill, knowledge, reputation and experience is well-recognized in FLSA cases such as this." *Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-CV-02567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018), *adopted by* No. 6:15-CV-02567, 2018 WL 2107798 (W.D. La. May 3, 2018) (discussing Cormier's counsel). Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are demonstrated by a history of success in large-scale wage-and-hour litigation. *See, e.g.*, *Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). FLSA collective action cases, such as this one, are the main focus of Class Counsel's docket. Although Class Counsel are based in Texas, both BRUCKNER BURCH PLLC and JOSEPHSON DUNLAP LAW FIRM have a national docket of FLSA cases with litigation across the United States, not only in Texas, but also in California, Colorado, Illinois, Louisiana, New Mexico, Ohio, Oklahoma, Pennsylvania, South Dakota, Utah, and elsewhere. In recent years, Class Counsel's joint docket has carried around or over 200 cases involving collective action claims for oilfield workers, such as this case.

Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this one and maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary for the successful prosecution of cases such as this one. Indeed, one court has expressly noted that Cormier's counsel from Bruckner Burch are "**among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015) (emphasis added). In all, Class Counsel have secured millions of dollars in settlements in FLSA cases for their clients. Further, Class Counsel's acceptance of this case (factor 4) and the considerable time that it has taken to work this case have occupied time that they could have spent pursuing other matters.

Finally, "the most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Defendants vigorously contested Plaintiffs' claims and denied that Plaintiffs were improperly paid, underpaid, or that any alleged damages were owed or covered by insurance. Plaintiffs had to litigate this matter for over three years before the matter could be settled.

For these reasons, Plaintiffs believe a fee of 40% is reasonable and necessary in this case. Class Counsel also seek reimbursement of the litigation expenses that they advanced or otherwise incurred in this case. Class Counsel request reimbursement of their expenses in the amount agreed by the Parties and provided in the Confidential Settlement Agreement.

### 4. Plaintiffs' fees are part of the settlement agreement between the Parties.

As part of the Confidential Settlement Agreement, the Parties have agreed that Plaintiffs' counsel are entitled to a total of 40% of the gross settlement amount. The Parties have presented this agreement to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to

approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement."); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F. Supp. 2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526, at *3 (E.D. La. Jan. 23, 1996) (overruling magistrate judge's modification of consent judgment because courts lack authority to modify a settlement agreement).

Because Plaintiffs have made the amount and provisions regarding payment of their attorneys' fees an unseverable part of their agreement with Defendants, a rejection of this (or another) portion of their settlement agreement will result in a failure of the Parties' agreement, a return of funds to Defendants, and the resumption of litigation.

**C.    CONCLUSION.**

The Parties request that the Court approve the Confidential Settlement Agreement as a "reasonable compromise" of this dispute and have submitted a proposed Order Approving Settlement contemporaneously with the filing of this motion.

Respectfully submitted,

| | |
|---|---|
| /s/ Richard J. (Rex) Burch | /s/ James M. Garner |
| Richard J. (Rex) Burch (admitted *pro hac vice*) | Joseph K. West (La. Bar No. 18041) |
| Bruckner Burch PLLC | DUANE MORRIS LLP |
| 8 Greenway Plaza, Suite 1500 | 505 9th Street, N.W., Suite 1000 |
| Houston, Texas 77046 | Washington, DC 20004 |
| Telephone: (713) 877-8788 | Telephone: (202) 776-7806 |
| Facsimile: (713) 877-8065 | Facsimile: (202) 478-2676 |
| Email: rburch@brucknerburch.com | Email: JKWest@duanemorris.com |
| | |
| – and – | Charlotte E. Thomas (admitted *pro hac vice*) |
| | DUANE MORRIS LLP |

Kenneth W. DeJean (La. Bar No. 4817)
LAW OFFICES OF KENNETH W. DEJEAN
417 W. University Avenue (70506)
Post Office Box 4325
Lafayette, Louisiana 70502
Telephone:     (337) 235-5294
Facsimile:     (337) 235-1095
Email:          kwdejean@kwdejean.com

– and –

Michael A. Josephson (admitted *pro hac vice*)
Andrew Dunlap (admitted *pro hac vice*)
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:     (713) 352-1100
Facsimile:     (713) 751-3300
Email:          mjosephson@mybackwages.com
                adunlap@mybackwages.com

*Attorneys for Plaintiffs Cormier, et al.*

30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:     (215) 979-1000
Email:          cthomas@duanemorris.com

– and –

James M. Garner (La. Bar No. 19589)
Leopold Z. Sher (La. Bar No. 12014)
Joshua S. Force (La. Bar No. 21975)
Ashely G. Coker (La. Bar No. 30446)
SHER GARNER CAHILL RICHTER
  KLEIN & HILBERT, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone:     (504) 299-2100
Facsimile:     (504) 299-2300
Email:          jgarner@shergarner.com
                lsher@shergarner.com
                jforce@shergarner.com
                acoker@shergarner.com

*Attorneys for Defendant Scottsdale Insurance Co.*

  /s/ Lindsay L. Meador
Lindsay L. Meador (La. Bar No. 31261)
GALLOWAY, JOHNSON, TOMPKINS, BURR
  & SMITH
328 Settlers Trace Boulevard
Lafayette, Louisiana 70508
Telephone:     (337) 735-1760
Facsimile:     (337) 993-0933
Email:          lmeador@gallowayjohnson.com

*Attorneys for Defendants Turnkey Cleaning Services LLC and Turnkey Cleaning Services GOM LLC*

  /s/ Joel P. Babineaux
Joel P. Babineaux (La. Bar No. 21455)
Karen T. Bordelon (La. Bar No. 20114)
BABINEAUX, POCHÉ, ANTHONY
  & SLAVICH, L.L.C.
Post Office Box 52169
Lafayette, Louisiana 70505
Telephone:     (337) 984-2505
Facsimile:     (337) 984-2503
Email:          jbabineaux@bpasfirm.com
                kbordelon@bpasfirm.com

*Attorneys for Defendant Dale P. Martin, Jr.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on October 19, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have registered to receive electronic service, and I effected service upon all other counsel of record via United States Mail, postage prepaid and properly addressed.

                                            /s/ James M. Garner
                                            JAMES M. GARNER