UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUSTIN CORMIER, Individually and On Behalf of Others Similarly Situated | Civ.No.6:15-cv-2076 |
| VERSUS | S. MAURICE HICKS, JR. |
| TURNKEY CLEANING SERVICES LLC, et.al. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

The parties reached a settlement in this case which has been conditionally certified a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. As a result, counsel filed a Joint Motion for Leave of Court to file Confidential Settlement Agreement Under Seal [Rec. Doc. 210], which was granted by this Court [Rec. Doc. 211], for review and approval of the settlement *in camera*. Thereafter, Counsel filed a copy of the Confidential Settlement Agreement Under Seal [Rec. Doc. 215]. Based on a review of the motion, the Confidential Settlement, the applicable law and jurisprudence and for the following reasons, it is recommended that the Motion to Approve the Confidential Settlement Agreement be granted. [Rec. Doc. 216].

## LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the

FLSA, this Court must approve the settlement before it may be finalized.[1] Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable.[2]

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs can prove how many hours they actually worked, whether the plaintiffs were already paid overtime hours, whether the defendant's alleged violations were made in good faith and on reasonable grounds and whether the defendant's alleged FLSA violations were willful. The case was litigated for over two and a half years with extensive motion practice, a failed early attempt at amicable resolution with Magistrate Judge Whitehurst, and lengthy discovery battles that required court intervention on multiple occasions. Given the dramatic and substantial downturn in the energy sector, the corporate defendants and Mr. Martin were essentially without sufficient assets to satisfy any potential judgment. Therefore, even if the plaintiffs were successful on the merits, there was also a significant dispute over whether there was available insurance coverage under the insurance policy issued by Scottsdale. Because these issues are sufficient for this Court to find that genuine uncertainty as to the outcome existed for each side, a bona

---

[1] See *Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945).

[2] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).

fide dispute exists in this case.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members[3]. As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.[4]

The parties have agreed to individual settlement amounts for the plaintiffs as set forth in Exhibit A to the Agreement.[5]   There is no evidence of any fraud or collusion behind the settlement. The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.[6] Since this case was filed in 2015, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in

---

[3] *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

[4] *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

[5] Rec. Doc. 215, pp. 14-17 (UNDER SEAL).

[6] *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (E.D. La. 2004) citing 4 Newberg on Class Actions § 11.51 (4th ed.).

this litigation. Furthermore, given the parties attendance at a settlement conference with Judge Whitehurst, and their continued discussions after private mediation including significant follow-up work through the mediator, it is clear that the settlement has been arrived at by arms-length and good faith negotiations. The first factor favors approval of the settlement as fair, adequate and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense particularly as it involved the highly contested issues of insurance coverage. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to have incurred significant additional expense. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and reasonable, and accordingly, should be approved. This case has been pending for over two and a half years. During its pendency, the parties have conducted discovery, extensive motion practice as well as factual and legal investigations. While conditional certification did not prove to be a significant obstacle, because of a drastic downturn in the oilfield resulting

in a near complete debilitation of the defendants' assets, the availability of insurance coverage under the Scottsdale policy, or lack thereof, was a highly contested legal and factual issue for which several substantive issues remain outstanding making this case ripe for settlement.

The fourth factor, probability of plaintiff's success on the merits, supports a finding that the settlement is fair, adequate and reasonable. This case has been litigated by competent lawyers on each side who enjoy great respect in their field from both sides of the aisle. Counsel for the plaintiffs has appeared multiple times in this Court with success on most, if not all, occasions. Lead counsel for Sher, Garner is well known to this Court and the legal community as a skilled litigator in complex insurance coverage litigation. Accordingly, while at present, the plaintiffs might enjoy some probability of success on the underlying merits, given the competency of defense counsel and the uncertainty of adverse rulings on the insurance coverage issue, failure on the ability to ultimately obtain relief for the plaintiffs is equally likely. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit by each side would be likely. Thus, based upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate and reasonable. Each eligible class member will receive a sum representing a percentage of back pay due for overtime violations, plus an equal amount

as liquidated damages and interest. The Court therefore finds the total amount offered to each eligible plaintiff is adequate, fair and reasonable and within range anticipated by the Court.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel and the class representative, as well as the defendants and their counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There has been no objections to the settlement whatsoever and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.[7] The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel.[8] Plaintiffs' counsel seeks approval of an award of 40% of the gross amount of the settlement in addition to $14,000.00 in costs and expenses. For the reasons that follow, Court approval for payment by the defendants of these amounts to the plaintiffs' counsel

---

[7] *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)

[8] *Strong v. BellSouth*, 137 F.3d at 849-850.

should be granted.

The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions.[9] A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[10] After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[11] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.[12] Further, "[t]he lodestar . . . is presumptively reasonable and should be

---

[9] *Strong v. BellSouth*, 137 F.3d at 850.

[10] *Strong v. BellSouth*, 137 F.3d at 850.

[11] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.
"[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* at *20 citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the *Johnson* factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Id.* citing *Heidtman*, 171 F.3d at 1043 quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Id.* citing *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) citing *City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

[12] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

modified only in exceptional cases."[13]

In this case, all parties have agreed plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for attorney's fees. The parties have not submitted documentation as to the total hours of attorney work performed by plaintiffs' counsel, counsels' customary rate of pay, or the expenses incurred by the plaintiffs in this litigation. Nevertheless, given that contingency fee arrangements in this legal community are generally in excess of 33%, have been approved at 40% on multiple occasions by different judges in this court for these plaintiffs' law firm,[14] and attorney's fees and expenses are usually deducted from each plaintiff's total recovery, the Court finds the proposed award in this case, is fair and reasonable. As previously noted, a significant amount of time and effort has been expended in the two and a half years this case has been pending. The Professional Services Agreement between plaintiffs class counsel provides for a contingency fee of 40% of the gross settlement amount. Further, class counsel's skill, knowledge, reputation and experience is well-recognized in FLSA cases such as this. Finally, the Court finds the degree of success in this matter is high, in that Scottsdale in particular vigorously contested plaintiffs' claims, and plaintiffs had to litigate this matter

---

[13] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

[14] See e.g. ; *Legros v. Mud Control Eqp.* 2017 WL 925730 at *3 (W.D.La. 3/6/17) (J. Doherty); *Comeaux v. Quality Energy Svcs, Inc.,* Civ. 6:15-2510, [Rec. Doc. 78]. (W.D. La. 7/20/17). (J. James)*; Hebert v. Baker Hughes, Inc.*, 2016 WL 7029336, *4 (W.D.La. 2016); see also *In re Bayou Sorrel Class Action*, 2006 WL 3230771 (W.D.La. 2006)

for over two and a half years before the matter could be resolved. For all of the foregoing reasons, the Court finds that the proposed award in this case is fair and reasonable.

## **CONCLUSION**

For the reasons stated above, IT IS RECOMMENDED that the proposed settlement be approved, and accordingly, that the Court grant the Joint Motion to Approve Confidential Settlement Agreement [Rec. Doc. 216] on the terms and conditions set forth in the Confidential Settlement Agreement filed under seal [Rec. Doc. 215].

IT IS FURTHER RECOMMENDED that the collective action be dismissed with prejudice, PROVIDED HOWEVER, that the Court retain jurisdiction for 90 days to enforce the terms of the Confidential Settlement Agreement, if necessary.

Because the parties have agreed on the payment of the settlement funds and attorneys' fees and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 22nd day of October, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE